(23 Misc. Rep. 250.)

KUCHER v. CARRL.

(City Court of New York, General Term. March 28, 1898.)

ANSWER—MOTION TO STRIKE OUT.
　　Where a mere inspection of the pleadings will show that the separate and distinct defense set forth in the answer clearly refers to the second cause of action, a motion to strike out said portion of the answer on the ground that it failed to show which cause of action set forth in the complaint it purported to answer will be denied.

Appeal from special term.

Action by Joseph Kucher against S. Crosby Carrl for rent. Appeal from an order denying a motion made on the part of the plaintiff to strike out so much of the defendant's amended answer as constituted his separate, special, and distinct defense. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Hansen, Zinnser & Power, for appellant.

H. H. Glass, for respondent.

O'DWYER, J. The plaintiff, for his first cause of action, alleges the letting of certain premises to the defendant for the term of one year, commencing October 1, 1896, at a specified rent, and the nonpayment of a portion of the rent due for the month of September, 1897. For a second cause of action, the plaintiff alleges the holding over and continued possession of the premises by the defendant after the expiration of his term, at 12 o'clock noon, on the 1st day of October, 1897. The defendant interposed an answer, putting in issue every material allegation of the complaint, and also setting up as a special, separate, and distinct defense the plea that the plaintiff entered upon and took possession of the demised premises on the 1st day of October, 1897, before 12 o'clock noon of that day. A motion was subsequently made on the part of the plaintiff to compel the defendant to make said answer more definite and certain, which resulted in an order which required the defendant to amend his answer so as to show, among other things, "which cause of action set forth in the complaint the separate and distinct defense purports to answer." In pursuance of that order, the amended answer was served. Thereafter another motion was made on the part of the plaintiff, to strike out from said amended answer the defendant's separate and distinct defense, upon the alleged ground "that it failed to show which cause of action set forth in the complaint it purported to answer." The motion was denied, and, from the order entered denying the same, this appeal is taken.

The separate and distinct defense set up in the amended answer clearly and distinctly refers to the second cause of action of the complaint. The motion was based upon the alleged ground "that

the amended answer did not comply with the aforesaid order of this court, in that it totally failed to show which cause of action set forth in the complaint the further separate and distinct defense purported to answer." A mere inspection of the pleadings will show that the separate and distinct defense set forth in the answer clearly and distinctly refers to the second cause of action. There is no obscurity or ambiguity about the language used. By paragraphs numbered 4 and 5 the defendant plainly refers to and answers the second cause of action; and by paragraph numbered 6, "for a further, separate, and distinct defense thereto," the defendant alleges that the plaintiff entered upon and took possession of said premises on the 1st day of October, 1897, before 12 o'clock noon of that day.

The order appealed from should be affirmed, with costs.